UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

**Hon. Hugh B. Scott**

09CR108S

**Order**

SEAN McIVER,

Defendant.

This matter is referred to the undersigned to hear and determine pretrial matters pursuant to 28 U.S.C. § 636 (b)(1)(A) and, pursuant to 28 U.S.C. § 636(b)(1)(B), to submit proposed findings of fact and recommendations for the disposition of any motion excepted by 28 U.S.C. § 636(b)(1)(A) (Docket No. 11).

The instant matter before the Court is the defendant Sean McIver's omnibus motion (Docket No. 15) which seeks the following relief: filing of a Bill of Particulars; discovery pursuant to Federal Rules of Criminal Procedure 12 and 16; Federal Rules of Evidence 403, 404(b), 609 materials; expert witness disclosure; production of Brady material; production of Jencks Act material; identity of informants; and severance. Also before the Court is defendant's motion to suppress physical evidence (id., Def. Atty. Aff. ¶¶ 69-74); that motion will be considered in a separate Report & Recommendation. Defendant also joins in codefendant's motions (id. ¶ 81), but this is deemed moot since his codefendant has not moved and has subsequently entered a guilty plea (see Docket Nos. 24-26).

The Government has filed responding papers (Docket No. 18) and oral argument was heard on August 13, 2009, and the motion was then deemed submitted (text minute entry, Aug. 13, 2009).

**BACKGROUND**

Defendant is charged with three counts of unlawful possession with intent to distribute of at least 5 grams or more of a substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2 (Docket No. 7, Indict.). On or about February 10, 2009, defendant (with codefendant Robert Cox) possessed 5 or more grams of crack cocaine in Niagara Falls, New York (id., Count I), and, on or about March 12, 2009, defendant allegedly possessed 50 grams and 5 grams, again in Niagara Falls (id., Counts II, III). On August 13, 2009, the Government indicated that these charges would be superseded (text minute entry, Aug. 13, 2009).

**DISCUSSION**

I.  Bill of Particulars

First, defendant seeks a Bill of Particulars as to the place where defendant committed the offense, the quantities of cocaine allegedly possessed, the manner in which it was determined to be cocaine, and whether possession was constructive or actual (Docket No. 15, Def. Atty. Aff. ¶ 5).

Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court may direct the filing of a Bill of Particulars. Bills of Particulars are to be used only to protect a defendant from double jeopardy and to enable adequate preparation of a defense and to avoid surprise at trial, United States v. Torres, 901 F.2d 205 (2d Cir. 1990). The Government is not obligated to

"preview its case or expose its legal theory," United States v. LaMorte, 744 F. Supp. 573 (S.D.N.Y. 1990); United States v. Leonelli, 428 F. Supp. 880 (S.D.N.Y. 1977), nor must it disclose the precise "manner in which the crime charged is alleged to have been committed," United States v. Andrews, 381 F.2d 377 (2d Cir. 1967).

Upon review of the Indictment and the Government's disclosure (see Docket No. 18, Gov't Response at 3, 5), the Court finds that defendant **is not entitled** to a Bill of Particulars inasmuch as the defendant is sufficiently advised of the charges against him to allow for the proper preparation of a defense, to avoid surprise at trial, and to protect the defendant from double jeopardy. Defendant seeks information about where the offenses occurred, the quantities involved, and proof that the substance was cocaine that is beyond the scope of a Bill of Particulars (see also Docket No. 18, Gov't Response at 5). This portion of his motion is **denied**.

II.  Discovery

Defendant first seeks various items of pretrial discovery (Docket No. 15, Def. Atty. Aff. ¶¶ 6-46). Although there is no general constitutional right to pretrial discovery in a federal criminal case, a defendant does have a pretrial discovery right with respect to certain matters. For example, under the Fifth Amendment's Due Process Clause, a defendant is entitled to specific exculpatory evidence which is material either to guilt or punishment. In addition, the Government has certain disclosure obligations under Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act, 18 U.S.C. § 3500. Defendant concedes that he received some discovery from the Government (Docket No. 15, Def. Atty. Aff. ¶ 7; cf. Docket No. 18, Gov't Response at 7). The Government argues that it provided to defendant all discovery required under Rule 16 and will provide additional discovery should it become available (Docket No. 18,

Gov't Response at 8-9). The Government notified, pursuant to Rule 12, of its intention to use all physical evidence seized during the investigation of this case (id. at 9).

Defendant first seeks a number of items not already produced, such as statements not disclosed to date (Docket No. 15, Def. Atty. Aff. ¶ 8), Grand Jury transcripts of uncharged codefendants or co-conspirators (id. ¶ 9), any hearsay evidence the Government intends to introduce at trial (id. ¶ 10) and statements of persons offering hearsay testimony concerning statements attributed to any alleged conspirator (id. ¶ 14). He also seeks co-defendant's statements to demonstrate requisite existence of a conspiracy (id. ¶ 11) and disclosure of statements of uncharged codefendants and/or conspirators (id. ¶ 12).

In addition to claiming that it already furnished those statements subject to discovery under Rule 16, Government contends that defendant is not entitled to the statements of uncharged coconspirators or the co-defendant as they are those of prospective Government witnesses and hearsay statements sought are not covered by Rule 16 (Docket No. 18, Gov't Response at 10).

The Indictment here, however, does not charge a conspiracy, rather the Indictment merely charges possession, with Count One alleging that both defendants possessed the crack cocaine. These requests are **denied**. In addition, it is well established that the statements of co-conspirators are not discoverable under Rule 16(a). In re United States, 834 F.2d 283, 286 (2d Cir. 1987); United States v. Percevault, 490 F.2d. 126 (2d Cir. 1974); United States v. Green, 144 F.R.D. 631, 638 (W.D.N.Y. 1992) (Heckman, Mag. J.). The Jencks Act provides the exclusive procedure for discovering statements that Government witnesses have given to law enforcement agencies. United States v. Covello, 410 F.2d 536, 543 (2d Cir.), cert. denied,

4

396 U.S. 879 (1969). Further, as to the hearsay statements, there is no legal or factual basis requiring disclosure of such material in this case, see Green, supra, 144 F.R.D. at 638. Thus, the hearsay production requests are **denied**.

Reports of examinations and tests (Docket No. 15, Def. Atty. Aff. ¶ 15), results and documentation that resulted in expert opinion (id. ¶ 16). The Government has provided reports of examinations and tests on seized narcotics (Docket No. 18, Gov't Response at 9, Ex. 1), and any supporting documentation would be submitted with Jencks Act materials (id. at 11 & n.11).

The Court assumes that the Government's production **has satisfied** the defendant's request in this regard.

Defendant next wants any visual or audio identification procedures used in this case (Docket No. 15, Def. Atty. Aff. ¶ 17). The Government counters that no formal identification procedures were used and defendant's request here is moot (Docket No. 18, Gov't Response at 11). Defendant's request for this material is **deemed moot**.

Next, defendant seeks production of federal government documents (Docket No. 15, Def. Atty. Aff. ¶ 18), investigative reports or documents prepared by federal agencies or local law enforcement agencies (id. ¶ 19), police investigation reports and like documents (id. ¶ 20), investigative reports relating to the conduct charged or considered by the Grand Jury (id. ¶ 21), law enforcement reports that would ordinarily be produced at the time of trial (id. ¶ 22). The Government contends that it produced the draft transcript of one transaction and other instances when defendant was recorded and engaged in other narcotics transactions (Docket No. 18, Gov't Response at 8), and will provide investigative reports with its Jencks Act disclosure (id. at 11). The Government declares that no Court-ordered electronic surveillance was employed in this

investigation, rather consensual recordings were used (id.). These statements, coupled with the discovery provided to date, **should suffice here**.

Next, defendant seeks summaries and logs of monitored conversations (Docket No. 15, Def. Atty. Aff. ¶ 24), as well as Title III, pen register, and search warrant applications (id. ¶¶ 25, 27-28 (necessity of these items)), all information obtained from such surveillance, seizures, and physical property obtained and its provenance (id. ¶ 26). The Government has produced copies of search warrants, warrant applications, affidavits in support of applications, and returns (Docket No. 18, Gov't Response at 8-9, Exs. 3, 5) and, as stated above, declared that no ordered electronic surveillance occurred here.

Defendant also seeks production of any third party documents from banks (Docket No. 15, Def. Atty. Aff. ¶ 29), common carriers (id. ¶ 30), or other third parties (see id. ¶ 31), as well as other documents not already disclosed that are in the Government's possession (Docket No. 15, Def. Atty. Aff. ¶¶ 32, 33), audio and video tapes, photographs (Docket No. 15, Def. Atty. Aff. ¶¶ 34-36), charts, graphs (id. ¶ 37). The Government concludes that, aside from what has been produced already, these requests should be denied as beyond the scope of Rule 16 or do not exist (Docket No. 18, Gov't Response at 12). Defendant's requests here are also **denied**.

Next, defendant seeks transcripts of conversations the Government identifies as relevant to this case (Docket No. 15, Def. Atty. Aff. ¶ 39) as well as transcripts of conversations defendant later deems to be relevant to the case (id. ¶ 40).

Defendant moves for production of the physical evidence collected or seized in connection with this case (Docket No. 15, Def. Atty. Aff. ¶¶ 41-42). Government furnished defendant with access to inspect physical evidence the Government recovered and intends to

introduce at trial (Docket No. 18, Gov't Response at 8). This inspection also **should suffice here**.

Finally, defendant seeks production of the Government's list of witnesses (Docket No. 15, Def. Atty. Aff. ¶¶ 43-46). The Government contends that defendant is not entitled to the list of Government witnesses (Docket No. 18, Gov't Response at 10 n.9). Rule 16 does not require the Government to disclose the names of witnesses prior to trial. United States v. Bejasa, 904 F.2d 137, 139 (2d Cir.), cert. denied, 498 U.S. 921 (1990) (id.). The Court may order such disclosure but should do so only when "a specific showing that disclosure is both material to the preparation of the defense and reasonable in light of the surrounding circumstances," Bejasa, supra, 904 F.2d at 140 (id.). Defendant has not made such a specific showing and his request for the witness list (prior to such disclosure ordered by the District Judge's final pretrial Order) is **denied**.

III.     Federal Rule of Evidence 404(b) and 609 Material

Defendant next requests disclosure of any evidence intended to be offered at trial that would cause undue surprise or prejudice, evidence of other crimes intended to prove character, or evidence of prior convictions to be used for impeachment (Docket No. 15, Def. Atty. Aff. ¶ 47).

Rule 404 requires that the defendant be given "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to use at trial." The Government states that it was not aware of any convictions that could be used to impeach pursuant to Rule 609 (Docket No. 18, Gov't Response at 12 n.13). The Government will disclose Rule 404(b) evidence pursuant to the District Court's pretrial Order (id. at 12).

IV.  Expert Disclosure

Defendant seeks disclosure of expert witness information pursuant to Federal Rule of Evidence 702 (Docket No. 15, Def. Atty. Aff. ¶ 48).  This request **is premature and should be deferred** to consideration by the District Judge (see also Docket No. 18, Gov't Response at 13 n.14).

V.  Brady Material

Defendant has requested that the Government disclose all materials potentially favorable to each of them, including information to be used for the impeachment of the Government's witnesses, as required under Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), and their progeny (Docket No. 15, Def. Atty. Aff. ¶¶ 49-59.  Brady material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment.  Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching . . . [and] [a]ny and all records and information revealing prior misconduct . . . attributed to the [Government's] witness." United States v. Kiszewski, 877 F.2d 210 (2d Cir. 1989).

Defendant's motion identifies numerous specific categories of documents encompassing both exculpatory and impeachment Brady materials which they seek to obtain (e.g., id. ¶¶ 50e, 51).  The Government acknowledges its continuing obligation to provide exculpatory and impeachment materials but resists defendant's broader construction of Brady and its progeny (Docket No. 18, Gov't Response at 13-14).  The Government is not aware of any exculpatory Brady material and (where it exists) agrees to provide impeachment Brady material with its Jencks Act disclosure (id. at 16).

This Court believes that fundamental fairness and the constitutional due process requirements which underlie Brady mandate that the court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined Brady/Jencks material. Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, . . . sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial . . . so that those abhorrent lengthy pauses at trial to examine documents can be avoided." United States v. Percevault, 490 F.2d 126 (2d Cir. 1974); United States v. Green, 144 F.R.D. 631 (W.D.N.Y. 1992) (Heckman, Mag. J.).

The instant case does not appear to be unusually complex. Balancing all of the above, the Court concludes that disclosure of such impeachment material, if any exists, in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for the defendant to have a fair opportunity to utilize the information at trial) **is sufficient** in this case.

VI.     Jencks Act

Defendant next seeks disclosure of material subject to the Jencks Act, 18 U.S.C. § 3500 at least 48 hours prior to trial (Docket No. 15, Defs. Atty. Aff. ¶¶ 60-64). The Government argues that defendant is not entitled to pretrial disclosure of statements of Government witnesses (Docket No. 18, Gov't Response at 16-17), see United States v. Coppa, 267 F.3d 132, 145 (2d Cir. 2001). The Government, however, intends to do supply Jencks Act materials at least one week prior to trial (id. at 17).

The Jencks Act governs the disclosure of information and statements relating to the Government's witnesses. Generally, according to the Jencks Act, the Government need not disclose such information regarding its witnesses until <u>after</u> the witness has testified at trial. In this case, the Government has agreed to disclose this information two weeks before trial or as otherwise ordered. The defendant has not established that prior disclosure of Jencks material is essential to the preparation of a defense in this case, in fact the time proposed by the Government (one week) gives defendant more advanced notice than he sought (48 hours before trial). Therefore, the Government **shall produce** these statements pursuant to the timing set forth in the District Court's final pretrial Order.

VII.    Identity of Informants

Defendant next seeks identification of informants (Docket No. 15, Def. Atty. Aff. ¶¶ 65-68). The Government objects that, under <u>Rovario</u>, 353 U.S. 52, 60-61 (1957), it is not required to reveal the names of witnesses (Docket No. 18, Gov't Response at 17-20), <u>see</u> <u>United States v. Saa</u>, 859 F.2d 1067, 1073 (2d Cir.), <u>cert. denied</u>, 489 U.S. 1089 (1988). Nor does Rule 16 require the Government to disclose the names of witnesses prior to trial. <u>Bejasa</u>, <u>supra</u>, 904 F.2d at 139. Moreover, the Government has stated that it believes that disclosure of the informant's identification would subject the informant to personal danger from retribution by the defendant and others (<u>id.</u> at 20).

The defendant has not established that the pre-trial disclosure of the identities of any informants is essential to his defense. This request is **denied**.

VIII.   Severance

Finally, defendant moves to sever his case from his codefendant's (Docket No. 15, Def. Atty. Aff. ¶¶ 75-80). This motion is better addressed by the District Court prior to trial.

**CONCLUSION**

For the reasons stated above, so much of defendant's omnibus motion (Docket No. 15) seeking various forms of discovery is **granted in part, denied in part**, as discussed in detail above.

So Ordered.

／s／*Hugh B. Scott*
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
September 4, 2009