UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

**Hon. Hugh B. Scott**

09CR108S

**Report
&
Recommendation**

SEAN McIVER,

Defendant.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 11). The instant matter before the Court is defendant Sean McIver's motion to suppress physical evidence (Docket No. 15, Def. Atty. Aff. ¶¶ 69-74). Separately, the Court issued an Order (Docket No. 29) considering other portions of defendant's omnibus motion (Docket No. 15).

The Government initially filed responding papers (Docket No. 18) and oral argument was heard on August 13, 2009 (text minute entry, Aug. 13, 2009). The Court then ordered defendant to supplement his motion by September 15, 2009, and for the Government to respond by September 25, 2009, and the motion was to be deemed submitted (without further oral argument or evidentiary hearing) on September 25, 2009 (Docket No. 28; cf. text minute entry, Aug. 13, 2009), but defendant did not supplement his motion by September 15, 2009, and the Government did not file further papers on the defense motion. The Government, however, moved to exclude time from the Speedy Trial Act computation from September 25, 2009, up to thirty days for the

Court's consideration of defendant's motion to suppress (Docket No. 32). In that motion, the Government also noted that defendant's arraignment under a Superseding Indictment (Docket No. 30) is pending (Docket No. 32, Gov't Speedy Trial Motion ¶ 3). The Government's speedy trial motion will be addressed in a separate Order.

## BACKGROUND

Initially, Defendant was charged with three counts of unlawful possession with intent to distribute of at least 5 grams or more of a substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2 (Docket No. 7, Indict.). On or about February 10, 2009, defendant (with codefendant Robert Cox) possessed 5 or more grams of crack cocaine in Niagara Falls, New York (id., Count I), and, on or about March 12, 2009, defendant allegedly possessed 50 grams and 5 grams, again in Niagara Falls (id., Counts II, III).

On August 13, 2009, the Government indicated that these charges would be superseded (text minute entry, Aug. 13, 2009) and, on September 3, 2009, the Government filed a Superseding Indictment (Docket No. 30) charging defendant alone with five counts of unlawful possession of controlled substance. The first count charges McIver (alone) with possession of 5 or more grams of crack cocaine on or about February 10, 2009, the second count charges defendant with possession of 50 grams or more of crack cocaine on or about March 12, 2009, while the third count charges defendant with possession of 5 grams or more of crack cocaine on the same day. This Superseded Indictment adds two new counts: Count IV charges defendant with a conspiracy to possess with intent to distribute 50 grams or more of crack cocaine, from in or about 2005 to March 12, 2009, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. Finally, Count V alleges that, beginning in 2005 and continuing up to March 12, 2009, defendant

engaged in a Continuing Criminal Enterprise (in that he violated 21 U.S.C. §§ 841(a)(1), 844(a), and 846), all in violation of 21 U.S.C. § 848(a). (Docket No. 30, Superseding Indict.)

Cox entered into a plea agreement (Docket No. 24) and this Court heard the plea allocution on August 19, 2009 (Docket Nos. 25, 26).

In this portion of McIver's omnibus motion, he seek to suppress any physical evidence derived from a search warrant (Docket No. 15, Def. Atty. Aff. ¶ 69), arguing that there was insufficient probable cause to conduct the search (see id. ¶¶ 72, 70-71). His counsel also requested production of the supporting affidavit for the warrant application (id. ¶ 73).

The Government argues that evidence implicating defendant was found at 1512 Ashland Avenue and 617 15th Street, both in Niagara Falls (Docket No. 18, Gov't Response at 20 n.15; see also Docket No. 1, Crim. Compl., Clark Aff. ¶¶ 2, 35-39, 41-43). The affidavits in support of the warrants for searching these premises were furnished to the defense on May 15, 2009, and the return for the latter premises was produced on June 17, 2009, and the warrant and affidavit for searching a computer at 1512 Ashland was supplied on June 1, 2009 (Docket No. 18, Gov't Response at 20 n.15). As for the defendant's motion (or anticipated motion), the Government argues that he did not establish his standing to challenge the searches, by not stating his subjective expectation of privacy in those premises (id. at 20-21). Next, the Government argues that the Leon good faith exception, see United States v. Leon, 468 U.S. 897 (1984), applies here to justify the execution of the otherwise facially valid warrant (id. at 21). Therefore, the Government concludes that defendant's motion should be denied at this time (see id. at 22).

## DISCUSSION

I.   Standing

Defendant initially did not allege his connection with the two searched properties to demonstrate his standing to contest the validity of the warrant.  See Rakas v. Illinois, 439 U.S. 128, 130 n.1 (1978); United States v. Osorio, 949 F.2d 38, 40 (2d Cir. 1991) (defendant has burden of establishing standing by a preponderance of evidence) (Docket No. 18, Gov't Response at 20-21).  The Government argues that defendant has to meet this burden in his affidavit in support of his suppression motion (id. at 21), see United States v. Pena, ▫961 F.2d 333, 337 (2d Cir. 1992).  Defendant merely alleged generally that he has standing to make the motion (Docket No. 15, Def. Atty. Aff. ¶ 69 ("insofar as defendant . . . has standing to bring the motion") and, while (according to the Government) he has been provided the affidavits and returns for the two searched properties, has not supplemented his motion stating his connection with either property.

The affidavit supporting the Complaint in this action, however, alleged that defendant used the two apartments at 1512 Ashland Avenue and defendant resided at 617 15th Street and used that address for drug transactions (Docket No. 1, Compl,, Clark Aff. ¶¶ 35, 41-42).  As for the 15th Street apartment, defendant would have an expectation of privacy because it was his residence, hence he has standing as to these premises.  But defendant has not asserted (neither in his motion nor has he taken the opportunity to supplement his motion) his standing for this apartment, much less the Ashland Avenue apartment where his only stated connection is the alleged criminal activity.  As a result, see Pena, supra, 961 F.2d at 337, defendant's **lacks**

**standing to contest this search** and his motion to suppress **should be denied** on this basis alone.

For a complete record, the Court next considers other arguments raised with regard to suppression.

II.   Probable Cause for Search

In order to issue a search warrant, a Magistrate Judge must be shown probable cause to believe the evidence of criminality would be found in the location to be searched, <u>United States v. Salameh</u>, 152 F.3d 88, 112-13 (2d Cir. 1998) (Docket No. 15, Def. Atty. Aff. ¶ 70), and the Magistrate Judge must consider the totality of circumstances to determine whether contraband or evidence of a crime may be found at a particular place, <u>United States v. Wagner</u>, 989 F.2d 69, 72 (2d Cir. 1993); <u>Illinois v. Gates</u>, 462 U.S. 213, 238 (1983) (<u>id.</u> ¶ 71).

Defendant initially alleges that the supporting affidavit for the warrants was insufficient and did not give rise to probable cause to believe that evidence of the crime would be found at the two searched locations (Docket No. 15, Def. Atty. Aff. ¶ 72), but he did not submit further supplementation.  Absent any argument from defendant as to the probable cause for the search or specific deficiency in the warrant application (especially after defendant has had an opportunity to review it), defense motion on this basis should be **denied**.

III.   <u>Leon</u> Good Faith Exception

The Government alternatively argues that defendant fails to overcome the good faith exception of <u>United States v. Leon</u>, 468 U.S. 897 (1984); specifically, defendant must show either that the issuing Magistrate Judge was knowingly or recklessly mislead, that the Magistrate Judge wholly abandoned his judicial role, the warrant was so lacking in indicia of probable cause

that reliance upon it is unreasonable, or the warrant was so facially deficient that reliance on it is unreasonable, id. at 923 (Docket No. 18, Gov't Response at 21).

Here, the undersigned was the issuing Magistrate Judge for the warrants at issue (see Docket No. 1, Compl.). Again, defendant was afforded the opportunity to supplement his motion on this ground but did not do so. As a result, defendant's motion should be **denied**.

## CONCLUSION

Based upon the above, it is recommended that Defendant's motion to suppress physical evidence (Docket No. 15) be **denied**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

So Ordered.

*/s/ Hugh B. Scott*
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
September 29, 2009