```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

UNITED STATES OF AMERICA,

                      v.

SEAN McIVER,

                      Defendant.

**Hon. Hugh B. Scott**

09CR108S

**SECOND
Report
&
Recommendation**

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 11). The instant matter before the Court is defendant Sean McIver's second motion to suppress physical evidence (Docket No. 51, Def. Atty. Aff. ¶¶ 67-72; cf. Docket No. 15, Def. Atty. Initial Aff. ¶¶ 69-74). Separately, the Court issued an Order (Docket No. 54) considering other portions of defendant's omnibus motion (Docket No. 51).

The Government filed responding papers (Docket No. 52) and at oral argument on February 25, 2010, the parties submitted on their papers and decision was reserved.

## BACKGROUND

Initially, Defendant was charged with three counts of unlawful possession with intent to distribute of at least 5 grams or more of a substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2 (Docket No. 7, Indict.). On or about February 10, 2009, defendant (with codefendant Robert Cox) possessed 5 or more grams of crack

cocaine in Niagara Falls, New York (id., Count I), and, on or about March 12, 2009, defendant allegedly possessed 50 grams and 5 grams, again in Niagara Falls (id., Counts II, III).

On August 13, 2009, the Government indicated that these charges would be superseded (text minute entry, Aug. 13, 2009) and, on September 3, 2009, the Government filed a Superseding Indictment (Docket No. 30) charging defendant alone with five counts of unlawful possession of controlled substance. The first count charges McIver with possession of 5 or more grams of crack cocaine on or about February 10, 2009, the second count charges defendant with possession of 50 grams or more of crack cocaine on or about March 12, 2009, while the third count charges defendant with possession of 5 grams or more of crack cocaine on the same day. This Superseded Indictment adds two new counts: Count IV charges defendant with a conspiracy to possess with intent to distribute 50 grams or more of crack cocaine, from in or about 2005 to March 12, 2009, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. Finally, Count V alleges that, beginning in 2005 and continuing up to March 12, 2009, defendant engaged in a Continuing Criminal Enterprise (in that he violated 21 U.S.C. §§ 841(a)(1), 844(a), and 846), all in violation of 21 U.S.C. § 848(a). (Docket No. 30, Superseding Indict.)

Cox entered into a plea agreement (Docket No. 24) and this Court heard the plea allocution on August 19, 2009 (Docket Nos. 25, 26).

In this portion of McIver's omnibus motion, he now seeks to suppress any physical evidence derived from a search warrant (Docket No. 51, Def. Atty. Aff. ¶ 67), arguing that there was insufficient probable cause to conduct the search (see id. ¶¶ 68-69). His counsel also requested production of the supporting affidavit for the warrant application (id. ¶ 71), a request he posed in his initial omnibus motion (see Docket No. 15, Def. Atty. Aff. ¶ 73). Defendant

alternatively argues that the supporting affidavit is insufficient and fails to give rise to probable cause for the search (Docket No. 51, Def. Atty. Aff. ¶ 70). This Court recommended denial of Defendant's initial suppression motion (Docket No. 33, Report & Rec.).

The Government argues that evidence implicating defendant was found at 1512 Ashland Avenue and 617 15th Street, both in Niagara Falls (Docket No. 18, Gov't Response at 20 n.15; see also Docket No. 1, Crim. Compl., Clark Aff. ¶¶ 2, 35-39, 41-43; Docket No. 52, Gov't Response at 21 n.13). The affidavits in support of the warrants for searching these premises were furnished to the defense on May 15, 2009, and the return for the latter premises was produced on June 17, 2009, and the warrant and affidavit for searching a computer at 1512 Ashland was supplied on June 1, 2009 (Docket No. 52, Gov't Response, at 21 n.13; cf. Docket No. 18, Gov't Response at 20 n.15). The Government also produced an unsigned affidavit for the search warrant the defense sought in November 2009 (Docket No. 53, Gov't Ex. A). As for the defendant's motion, the Government argues that since this Court had ordered defendant to brief defendant's standing and to address the good faith exception of United States v. Leon, 468 U.S. 897 (1984), and failed to do so, his motion to suppress now should be denied (Docket No. 52, Gov't Response at 21-22).

## DISCUSSION

The only difference from defendant's initial motion to suppress and this one are the two new counts alleged in the superseding Indictment. Thus, the result recommended in the Report issued for that initial motion remains pertinent to defendant's present motion.

I.   Standing

Defendant initially did not allege his connection with the two searched properties to demonstrate his standing to contest the validity of the warrant.  See Rakas v. Illinois, 439 U.S. 128, 130 n.1 (1978); United States v. Osorio, 949 F.2d 38, 40 (2d Cir. 1991) (defendant has burden of establishing standing by a preponderance of evidence) (cf. Docket No. 18, Gov't Response at 20-21), arguing that he had still not received the supporting affidavit for the search warrant (Docket No. 51, Def. Atty. Aff. ¶ 70).   Defendant initially was ordered to brief the issue of his standing to contest the search at either location (Docket No. 28) but fails to do so either under the initial motion or within the present motion.  The Government now argues that his present motion to suppress should be denied because of this failure (Docket No. 52, Gov't Response at 21-22).

As with the initial motion, defendant merely alleged generally that he has standing to make the motion (Docket No. 51, Def. Atty. Aff. ¶ 67; cf. Docket No. 15, Def. Atty. Aff. ¶ 69 ("insofar as defendant . . . has standing to bring the motion")).  According to the Government, defendant has had (at least since November 2009 if not sooner) the affidavits in support of the search warrant application and returns for the two searched properties, but he has not stated in his motion his connection with either property to have standing to contest the search.  Defendant was given at least one opportunity where the standing issue was highlighted for him to address it by claiming his interest in the searched premises, but he failed to do so.  As a result, defendant's present suppression motion should **be denied**.

Again, for a complete record, the Court next considers other arguments raised with regard to suppression.

4

II.     Probable Cause for Search

In order to issue a search warrant, a Magistrate Judge must be shown probable cause to believe the evidence of criminality would be found in the location to be searched, United States v. Salameh, 152 F.3d 88, 112-13 (2d Cir. 1998) (Docket No. 51, Def. Atty. Aff. ¶ 68; cf. Docket No. 15, Def. Atty. Aff. ¶ 70), and the Magistrate Judge must consider the totality of circumstances to determine whether contraband or evidence of a crime may be found at a particular place, United States v. Wagner, 989 F.2d 69, 72 (2d Cir. 1993); Illinois v. Gates, 462 U.S. 213, 238 (1983) (Docket No. 52, Def. Atty. Aff. ¶ 69; cf. Docket No. 15, Def. Atty. Aff. ¶ 71).

Defendant initially alleges that the supporting affidavit for the warrants was insufficient and did not give rise to probable cause to believe that evidence of the crime would be found at the two searched locations (Docket No. 15, Def. Atty. Aff. ¶ 72), and he reiterates these contentions in his present motion on counsel's information and belief (Docket No 51, Def. Atty. Aff. ¶ 70), but he did not submit further supplementation. Absent any argument from defendant as to specific deficiencies in the warrant application or the process (especially after defendant has had an opportunity to review it), the defense motion on this basis should be **denied**.

III.    Leon Good Faith Exception

The Government initially argued that defendant failed to overcome the good faith exception of United States v. Leon, 468 U.S. 897 (1984); specifically, defendant must show either that the issuing Magistrate Judge was knowingly or recklessly mislead, that the Magistrate Judge wholly abandoned his judicial role, the warrant was so lacking in indicia of probable cause that reliance upon it is unreasonable, or the warrant was so facially deficient that reliance on it is

unreasonable, id. at 923 (Docket No. 18, Gov't Response at 21).  The Government now contends that defendant was given an opportunity to address this point but failed to do so and this failure should be a basis for denial of the present motion (Docket No. 52, Gov't Response at 22 & n.15).

Here, the undersigned was the issuing Magistrate Judge for the warrants at issue (see Docket No. 1, Compl.).  Again, defendant was afforded the opportunity to supplement his motion on this ground to overcome the good faith implicit in the issued warrant, but did not do so.  As a result, defendant's motion should be **denied**.

## CONCLUSION

Based upon the above, it is recommended that Defendant's motion to suppress physical evidence (Docket No. 51) be **denied**.


Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Cr. P. 59(b)(2) (effective December 1, 2009) and W.D.N.Y. Local Criminal Rule 58.2(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.**  Thomas v.

Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Criminal Rule 58.2(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2(a)(3) may result in the District Court's refusal to consider the objection.**

So Ordered.

*/s/ Hugh B. Scott*
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
      March 19, 2010